IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

This case assigned to District Judge Moody
and to Magistrate Judge Cavaneau

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

APR 03 2008

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

| | |
|---|---|
| DIANNA L. HELTON | PLAINTIFF |
| V. | NO. 3:08CV00054 JMM |
| SOUTHLAND RACING CORPORATION | DEFENDANT |
| | (JURY DEMAND) |

## COMPLAINT

Comes now the Plaintiff, Dianna L. Helton, and pursuant to Title VII of the Civil Rights Act of 1964 and Arkansas Constitution and Arkansas Civil Rights Act A.C.A. § 16-123-101 et seq. and state law and files this Complaint stating as follows:

1. This action is brought pursuant to Title VII of the Civil Rights of 1964 for employment discrimination. Jurisdiction is specifically conferred on the Court by 42 U.S.C. section 2000e-5. Equitable and other relief are also sought under 42 U.S.C. section 2000e-5(g), et seq. and the Arkansas Civil Rights Act A.C.A. § 16-123-101, et seq. and pendant state law.

2. Plaintiff, Dianna L. Helton, a Caucasian female citizen of the United States resides at 382 North Prairie Cove, Marion, Crittenden County, Arkansas, 72364. At all relevant times from April 2006 until September 6, 2007, Plaintiff was employed by Defendant in the Eastern District of Arkansas.

3. Defendant, Southland Racing Corporation, does business in West Memphis, Crittenden County, Arkansas and is an Arkansas corporation doing business at 1550 Ingram Blvd., West Memphis, Crittenden County, Arkansas, 72301, where it owns and operates a dog racing track which permits on-site gambling for races and betting on other games of chance such as video poker. It employs in excess of five hundred (500) people year round.

4. All conditions precedent to Plaintiff's claim and to Title VII have been met in the that Plaintiff filed timely charges with the EEOC and the EEOC issued Plaintiff a Notice of Right to

Sue on January 22, 2008 and mailed said Notice to Plaintiff on said date. A copy of the Notice of Right to Sue to herewith attached as **Exhibit A** with a timely suit instituted within 90 days of said receipt.

5. Venue is proper in this district in that the Plaintiff was employed by the Defendant in this district. The cause of action arose in this district within the meaning of 28 U.S.C. 1391.

## STATEMENT OF FACTS

6. Because of Plaintiff's race and complaints about racial discrimination, Defendant retaliated against Plaintiff for having complaining to corporate level offices about racial mistreatment received from a African-American female controller of the company and was retaliated against in response thereto.

7. The circumstances under which the Defendants discriminated against and retaliated against and created a racially hostile work environment against Plaintiff were as follows:

(a.) Plaintiff complained to corporate level about the company controllers, namely, Melissa Partee, mistreatment of Caucasian employees, including herself. The controller, Melissa Partee, was informed or learned of the Plaintiff's reports and began a systematic and habitual process of carefully scrutinizing her work, watching her, and criticizing her. Conflicts arose between the Plaintiff and the controller due to her continued attempts to criticize Plaintiff who previously was considered a very satisfactory employee and now was being criticized at every opportunity.

(b.) On June 26, 2007, a new general manager was hired and installed a new directive that "under no circumstances should anyone complaint to corporate" and was reiterated during two different meetings on different days. The new general manager told employees to follow the chain of command with any complaints. Therefore, on July 27, 2007, when Plaintiff complained to her immediate supervisor that she believed Ms. Partee was discriminating against her due to race and/or due to retaliation for making such a complaint. The supervisor

that Plaintiff made her report to, through the chain of command, had to report that to the controller, the person to who the complaint who being made against. In response, the controller, Ms. Partee, retaliated and discriminated against Plaintiff including finding a subordinate cashier being short of cash with a shortage found and terminating the subordinate and implying it was Plaintiff's fault. She also treated African-American employees more favorable than Caucasian employees with the controller replacing Caucasian employees with African-American employees and Plaintiff believed she was would be fired for the false charge of theft if she didn't resign and was attempting to keep herself employable and therefore left employment on September 6, 2007. The controller had continuously falsely implied that Plaintiff then had something to do with the shortage and in general, created a racial hostile work environment causing great emotional distress to the Plaintiff, which caused her to resign rather than her being pretextually discharged under the allegation of theft when she knew that she had not done anything improper.

8. Plaintiff contends that the racial based discrimination and retaliation for opposing discriminatory practices and bringing charges and attempting to participate in an investigation concerning said discrimination resulted in adverse actions taken against her. Defendant's acts were intentional, willful, and deliberate and was accomplished by intentional acts including those acts by means of which Plaintiff was precluded from effectively filing a discrimination complaint by having to process directly through the person she was complaining against. Defendant turned a deaf ear to Plaintiff's complaint of discriminatory treatment and the end result of which Plaintiff was embarrassed, humiliated, and caused her to leave her employment with Defendant, which she did not wish to do so.

9. Plaintiff's submit that the Defendant's actions constitute unlawful discrimination on the basis of race and retaliation and violation of Title VII of the Civil Rights Act of 1964 as amended and the Arkansas Constitution and Arkansas Civil Rights Act.

3

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court cause service to issue in this cause upon the Defendant and this matter to be set for trial by jury. Upon trial by a jury, Plaintiff prays that the Court grant relief as follows:

1. Enter a declaratory judgment against Defendant declaring that its conduct described herein constitutes violation of Plaintiff's rights under Title VII of the Civil Rights Act of 1964 and the Arkansas Civil Rights Act.

2. Enter a permanent injunction against the Defendant enjoining it from further discrimination and harassment against Plaintiff and similarly situated employees at their facility with respect to retaliation on any basis of race, sex, age or otherwise.

3. Award Plaintiff back and front pay and lost wages in an amount to be determined upon completion of discovery.

4. Award Plaintiff compensatory monetary and punitive damages for the humiliation, emotional distress, and pain suffered by the Plaintiff as a direct result of Defendant's unlawful action in a sum in excess of Three Hundred Fifty Thousand Dollars ($350,000.00).

5. Award Plaintiff a reasonable attorney's fee, costs, disbursements, and expenses under Title VII of the Arkansas Civil Rights Acts and Arkansas State Law.

6. Award Plaintiff such further relief to which she is justly entitled under the law and equity.

Respectfully submitted,

DIANNA L. HELTON, PLAINTIFF

BY: _____
MARC I. BARETZ #75004
Attorney at Law
110 Thompson Avenue, P.O. Box 1107
West Memphis, AR  72303
Phone (870) 732-4102

ATTORNEY FOR PLAINTIFF

4

# VERIFICATION

STATE OF ARKANSAS

COUNTY OF CRITTENDEN

I, Dianna L. Helton, Plaintiff herein, hereby state under oath that the facts contained in the foregoing pleading are true and correct to the best of my knowledge, information, and belief.

*Dianna L. Helton*
Dianna L. Helton, Plaintiff

Subscribed and sworn to me this  31  day of March, 2008.

*Jennifer M. Walker*
Notary Public

My Commission Expires:

1-10-2015



JENNIFER M. WALKER
Crittenden County
My Commission Expires
January 10, 2015

5

EEOC Form 161 (3/98)  **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Dianna L. Helton<br>382 North Prairie Cove<br>Marion, AR 72364 | From: | Little Rock Area Office<br>820 Louisiana<br>Suite 200<br>Little Rock, AR 72201 |
|---|---|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 493-2008-00358 | Carlos M. Borges,<br>Investigator | (501) 324-5083 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

On behalf of the Commission

*Wanda C. Milton / VP*    JAN 2 2 2008

Enclosures(s)    Wanda C. Milton,    *(Date Mailed)*
                 Area Office Director

cc: Wes Culler
    Human Resources Manager
    SOUTHLAND GAMING AND RACING
    1550 N. Ingram Blvd.
    West Memphis, AR 72301

## *EXHIBIT A*